1

2

3

4

5

6

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

7    KEVIN JAMES TEEMAN,

8                          Plaintiff,

9         v.

10   STATE OF WASHINGTON,
     DEPARTMENT OF SOCIAL AND
11   HEALTH SERVICES, Employee
     THERESA MALLEY, Area
12   Administrator, in their individual and
     official capacity,
13
                         Defendants.
14

NO. 1:16-CV-3061-TOR

ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY
JUDGMENT

15        BEFORE THE COURT are Defendants State of Washington Department of

16   Social and Health Services and Theresa Malley's Motion for Summary Judgment

17   (ECF No. 17) and Plaintiff's Motion for Summary Adjudication in Favor of the

18   Plaintiff (ECF No. 21).  These motions were submitted for consideration without

19   oral argument.  The Court has reviewed the motions, the records and files herein,

20   including Plaintiff's late opposition (ECF No. 33) and is fully informed.  For the

ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT ~ 1

1  reasons discussed below, Defendants' Motion for Summary Judgment (ECF No.

2  17) is **GRANTED**.

3  ## BACKGROUND

4  This case concerns a finding of child abuse and neglect by Defendants

5  Department of Social and Health Services (DSHS) and Area Administrator

6  Theresa Malley.  Plaintiff Mr. Teeman, proceeding *pro se*, filed his Complaint in

7  this action on April 19, 2016.  ECF No. 1.  The Court construes Plaintiff's

8  Complaint as asserting section 1983 claims under the Due Process Clause of the

9  Fifth and Fourteenth Amendment and his constitutionally protected parental rights

10  under the Fourteenth Amendment, as well as several state law claims.  ECF No. 1.

11  Defendants move for summary judgment on all claims.  ECF No. 17.

12  Plaintiff seeks partial summary judgment as to liability, with damages to be proven

13  at trial.  ECF No. 21.  For the reasons discussed below, the Court grants

14  Defendants' motion.

15  ## FACTS

16  The following are the undisputed facts unless otherwise noted. For purposes

17  of summary judgment, "[i]f a party fails to properly support an assertion of fact or

18  fails to properly address another party's assertion of fact as required by Rule 56(c),

19  the court may … consider the fact undisputed."  Fed. R. Civ. P. 56(e)(2).  Plaintiff

20  has disputed many facts but failed to properly support his allegations of perjury

and falsity. Therefore, the following facts are undisputed or deemed so due to Plaintiff's failure to support his assertions.

Four children live with Plaintiff and Ms. Lyons, A.T., C.T., J.G., and N.G. Plaintiff is the father of A.T. and C.T. ECF No. 18 at ¶¶ 1–2. On September 11, 2014, Ms. Lyons took C.T., a four-month old, to the Yakima Regional Hospital after Plaintiff told her that C.T. was in the car seat not belted in and fell forward onto the floor. ECF No. 21 at 114; ECF No. 19 at 7–8. Ms. Lyons was at work when this occurred. The hospital reported that C.T. had a femur fracture, a complete break of the long bone which is "typically difficult to break." ECF No. 19 at 7–8. On September 11, 2014, Yakima Regional Hospital referred the injury to DSHS as the "story doesn't seem to quite match the injury."[1] *Id.* This referral was assigned to the Yakima County Sheriff's Office for investigation and to social worker Staci Foster of DSHS. Ms. Foster attempted a home visit with the address given by the hospital, but it did not exist. On September 12, 2014, Ms. Foster located and interviewed J.G. and N.G. at East Valley Elementary school. *Id.*

---

[1] Plaintiff disputes the authenticity (reliability) of the referral as he was not in the emergency room to give a statement. ECF No. 21 at 2–3. As the reports show, Ms. Lyons recounted what Plaintiff had told her regarding how C.T. was injured, so Plaintiff's hearsay objection is irrelevant to the issues before this Court.

Later that day, Ms. Foster made an unannounced visit to the family residence with Yakima County Deputy Sheriff Leo Hull.  Plaintiff led them to his shop where the children, A.T. and C.T., were located.  Ms. Foster observed A.T. wandering the property alone out of sight of Plaintiff and C.T. was alone in the shop buckled to her car seat.  Deputy Hull then took the children into protective custody due to the imminent risk of harm to the children.  *Id.* at 9.  J.G. and N.G. were placed in the care of their father.  *Id.*  C.T. and A.T. were placed in the care of their maternal grandmother.  *Id.* at 24.  Doctors at Seattle Children's Hospital later reviewed C.T.'s x-rays and formed a likely diagnosis of osteogenesis imperfecta, a brittle bone condition.  ECF No. 21 at 125.

On September 30, 2014, a Motion, Declaration and Order of Dismissal Without Prejudice was entered in both dependency proceedings.  ECF No. 19 at Exs. E, F.  Plaintiff and Ms. Lyons agreed to participate in voluntary services through DSHS and to adhere to a safety plan.  *Id.*  DSHS decided not to pursue the dependency proceeding and the children were returned to Plaintiff and Ms. Lyons on September 30, 2014.  ECF No. 18 at ¶ 36.

On November 25, 2014, Claudia Rocha-Rodriguez notified Plaintiff that the Child Protective Services' (CPS) investigation resulted in a finding of abuse and neglect by Plaintiff.  ECF No. 20 at Ex. A.  Plaintiff appealed this finding.  *Id*. at Ex. B.  Defendant DSHS Area Administrator Theresa Malley then reviewed that

finding. [2]  On January 20, 2015, Defendant Malley notified Plaintiff that she concluded the finding of abuse and neglect was correct.  *Id*. at Ex. C.  Later, on April 28, 2015, an administrative law judge dismissed the allegations of abuse and neglect due to insufficient evidence.  ECF No. 21 at 18, 133 (Ex. R).

## DISCUSSION

A movant is entitled to summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  For purposes of summary judgment, a fact is "material" if it might affect the outcome of the suit under the governing law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A material fact is "genuine" where the evidence is such that a reasonable jury could find in favor of the non-moving party. *Id.*  The moving party bears the initial burden of showing the absence of any genuine issues of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The burden then shifts to the non-moving party to identify specific facts showing there is a genuine issue of material fact.  *Anderson*, 477 U.S. at 256.

---

[2]  Plaintiff disputes that Claudia Rocha-Rodriguez assigned the case to Defendant Malley, ECF No. 21 at 5–6, but he provides no support for his allegation nor is this disputed issue material to the resolution of this case.

ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT ~ 5

1    In ruling on a motion for summary judgment, the court views the facts, as

2  well as all rational inferences therefrom, in the light most favorable to the non-

3  moving party.  *Scott v. Harris*, 550 U.S. 372, 378 (2007).  The court must only

4  consider admissible evidence.  *Orr v. Bank of America, NT & SA*, 285 F.3d 764

5  (9th Cir. 2002).  There must be evidence on which a jury could reasonably find for

6  the plaintiff and a "mere existence of a scintilla of evidence in support of the

7  plaintiff's position will be insufficient."  *Anderson*, 477 U.S. at 252.

8  **A. Section 1983 Claims**

9      Plaintiff alleges that DSHS and Defendant Malley violated his constitutional

10  rights of due process and family unity by reviewing and confirming a finding of

11  child abuse and neglect.  ECF No. 1.

12      Under section 1983, a cause of action may be maintained "against any

13  person acting under color of law who deprives another 'of any rights, privileges, or

14  immunities secured by the Constitution and laws,' of the United States."  *S. Cal.*

15  *Gas Co. v. City of Santa Ana*, 336 F.3d 885, 887 (9th Cir. 2003) (quoting 42 U.S.C.

16  § 1983).  The rights guaranteed by section 1983 are "liberally and beneficially

17  construed."  *Dennis v. Higgins*, 498 U.S. 439, 443 (1991) (quoting *Monell v. N.Y.*

18  *City Dep't of Soc. Servs.*, 436 U.S. 658, 684 (1978)).

19  //

20  //

**B. DSHS is not a Person under § 1983 and is Protected by the Eleventh Amendment**

It is well settled that states and state agencies are not susceptible to suit under section 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). "*Will* establishes that the State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal court or state court." *Howlett v. Rose*, 496 U.S. 356, 365 (1990). Here, DSHS is a department of the state government, making it an arm of the state. RCW 26.44.020(8). Therefore, DSHS is not a person under section 1983 and is also protected by Eleventh Amendment immunity. This Court finds Defendant DSHS is immune from suit and summary judgment is appropriate.

**C. Defendant Malley is Protected by Qualified Immunity[3]**

Qualified immunity shields government actors from civil damages unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). Qualified immunity balances the two important interests of

---

[3] Defendant Malley may very well be protected by absolute immunity, but the record is not well developed and qualified immunity unquestionably applies here. *See e.g., Buckles v. King County*, 191 F.3d 1127, 1133 (9th Cir. 1999).

1   holding public officials accountable when they exercise power irresponsibly and

2   also the need to shield officials from harassment, distraction, and liability when

3   they perform their duties reasonably.  *Id.*  When this immunity is properly applied,

4   "it protects 'all but the plainly incompetent or those who knowingly violate the

5   law.'"  *Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011) (quoting *Malley v. Briggs*,

6   475 U.S. 335, 341 (1986)).

7         In determining a state actor's assertion of qualified immunity, a court must

8   assess (1) whether the facts, viewed in the light most favorable to the plaintiff,

9   show that the defendant's conduct violated a constitutional right; and (2) whether

10  the right was clearly established at the time of the alleged violation such that a

11  reasonable person in the defendant's position would have understood that his

12  actions violated that right.  *Saucier v. Katz*, 533 U.S. 194, 201 (2001), *overruled in*

13  *part by Pearson*, 555 U.S. 223.  A court may, within its discretion, decide which of

14  the two prongs should be addressed first in light of the particular circumstances of

15  the case.  *Pearson*, 555 U.S. at 236.  If the answer to either inquiry is "no," then

16  the defendant is entitled to qualified immunity and may not be held personally

17  liable for his or her conduct.  *Glenn v. Washington County*, 673 F.3d 864, 870 (9th

18  Cir. 2011).

19  //

20  //

### a. Constitutional Violation

This Court finds no violation of Plaintiff's due process and family unity rights under the Fifth and Fourteenth Amendments. Parents and children have a constitutional right to live together without government interference by guaranteeing that children and parents will not be separated by the state without due process of law except in an emergency. *Jones v. County of Los Angeles*, 802 F.3d 990, 1000 (9th Cir. 2015). An official separating a child from his or her parents must obtain a court order unless the official has reasonable cause to believe the child is in imminent danger of serious bodily harm. *Id.*

Here, Defendant Malley was not involved in the removal of the children or the dependency proceedings. Her findings of child abuse and neglect were made over three months after the children were returned to Plaintiff. She did not have any interaction with this case until it was appealed. ECF No. 20 at ¶ ¶ 3, 8. Defendant Malley played no part in any alleged constitutional violations, but merely reviewed the case file after Plaintiff appealed the initial abuse and neglect finding. ECF No. 21 at 111. While parents and children have a constitutional right to live together, Defendant Malley did not violate their rights as she did not separate the family nor participate in keeping them apart.

The review process did not violate Plaintiff's procedural due process as he was notified of the initial findings by Claudia Rocha-Rodriguez and was provided

an opportunity for further review within 30 days. *Id.* at 106–08. Plaintiff asserted

his right of review by requesting the appeal. *Id.* at 111. Defendant Malley then

reviewed the CPS investigation and findings, and on January 20, 2015 concluded

that the finding of abuse and neglect was correct. *Id.* at 28. Plaintiff was afforded

the opportunity for an adjudicative hearing, but the allegations were dismissed on

April 28, 2015. *Id.* at 18, 133. Plaintiff has not shown that Defendant Malley's

minimal role in reviewing the initial finding of abuse and neglect equates to a

constitutional violation of Plaintiff's family unity rights or due process rights.

### b. Clearly Established Law

Even assuming Defendant Malley's review violated Plaintiff's constitutional

rights, Defendant Malley is still entitled to qualified immunity.

A right is clearly established when it is "sufficiently clear a reasonable

officer would understand that what he is doing violates that right." *Anderson v.*

*Creighton*, 483 U.S. 635, 640 (1987). A case need not be directly on point, but

existing precedent must have placed the constitutional question beyond debate. *al-*

*Kidd*, 563 U.S. at 741. The clearly established inquiry "must be undertaken in

light of the specific context of the case, not as a broad general proposition."

*Saucier*, 533 U.S. at 201.

Here, the rights of due process and family unity are clearly established. This

Court finds that a reasonable official, in the position of Defendant Malley, would

1  not have believed her file review violative of Plaintiff's constitutional rights when

2  the children had already been returned home.  Nor would a reasonable official

3  suspect the state's detailed statutory review procedure violative of Plaintiff's due

4  process rights.

5      According to the Supreme Court, qualified immunity protects "all but the

6  plainly incompetent or those who knowingly violate the law." *al-Kidd*, 563 U.S. at

7  743.  There is no showing here that Defendant Malley's file review was

8  incompetent or that she knowingly violated any law.  Accordingly, this Court finds

9  Defendant Malley is protected by qualified immunity and summary judgment is

10  appropriate on this claim.

11  **D. State Law Claims**

12      Plaintiff asserts several state law claims against Defendants, including

13  negligence, intentional infliction of emotional distress, negligent infliction of

14  emotional distress, assault, battery, abuse of process, and declaratory relief.  ECF

15  No. 1.  Defendants contend Plaintiff lacks evidence creating a genuine issue of

16  material fact on any of these claims and therefore, they must be dismissed as a

17  matter of law.  ECF No. 17 at 20.[4]

18

19  [4]     Defendant Malley also claims statutory immunity, but the statute appears

20  only to immunize "making of a report . . . . or testifying as to alleged child abuse or

Plaintiff does not dispute the State's Eleventh Amendment immunity

nor does he dispute that he has not presented evidence to support each

element of his state law claims.  ECF No. 21.  This Court therefore

determines summary judgment on these claims is warranted.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendants' Motion for Summary Judgment (ECF No. 17) is

   **GRANTED**.

2. Plaintiff's Motion for Summary Adjudication in Favor of the Plaintiff

   (ECF No. 21) is **DENIED**.

3. All remaining motions are denied as moot; the trial is vacated.

The District Court Executive is directed to enter this Order and Judgment for

the Defendants accordingly, furnish copies to counsel, and **CLOSE** the file.

**DATED** September 25, 2017.



THOMAS O. RICE
Chief United States District Judge

---

neglect . . ."  ECF No. 17 at 19 (citing RCW 26.44.060(1)(a)).  Neither of these

two actions are alleged to be the subject of Plaintiff's claims.